*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re | ) | Case No.  20-20978-E-7 |
| | ) | |
| JEFFREY A. ANDERSEN, | ) | |
| | ) | |
| Debtor. | ) | |
|——————————————| ) | |
| | ) | |
| GREGORY KELLY, | ) | Adv. Proc. No.  20-2111 |
| | ) | Docket Control No. RK-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY A. ANDERSEN and | ) | |
| BRIDGETTE A. ANDERSEN, | ) | |
| | ) | |
| Defendants. | ) | |
|——————————————| ) | |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM OPINION AND DECISION**
**MOTION TO DISMISS THIRD CAUSE OF ACTION**
**RE: HYPOTHETICAL DISCHARGE**

The present Adversary Proceeding was commenced on June 1, 2020, by Gregory Kelly, the Plaintiff, a creditor of Defendant-Debtor Jeffrey ("Defendant-Debtor") who is the only debtor in Chapter 7 bankruptcy case 20-20978.  Plaintiff filed a First Amended Complaint on June 22, 2020 (Dckt. 11) which incorporates by reference the Exhibits attached to the original Complaint.  This Adversary Proceeding centers on a State Court Judgment for which Defendant-Debtor Jeffrey Anderson is the only named person that the monetary judgment has been entered against ("State Court Judgment").  A copy of the State Court Judgment is attached to the Original Complaint as

Exhibit E (Dckt. 1) and incorporated into the First Amended Complaint.[1]

Defendant-Debtor's spouse, Bridgette Andersen ("Defendant-Bridgette") is not a co-debtor in Defendant-Debtor's bankruptcy case, and it is not alleged that Defendant-Bridgette is a bankruptcy debtor in any bankruptcy case now pending before this or another bankruptcy court.

Defendant-Bridgette is not named in the State Court Judgment and the State Court Judgment does not award any personal obligation against her in favor of Plaintiff.

In the First Amended Complaint, Plaintiff seeks relief against Defendant-Bridgette as may exist for the hypothetical discharge that may arise pursuant to 11 U.S.C. § 524(a)(3) to protect future acquired community property in which a debtor could obtain a discharge from the enforcement of pre-petition community claims owed by the non-debtor spouse.

**Definition Housekeeping**

In drafting this Decision, while the court and parties are familiar with terms such as judgment debtor, (bankruptcy) debtor, community property liability for the debts of either spouse, and non-judgment debtor spouse, such might not be clear to a reader of this Decision. To reduce confusion, the court creates the following defined terms for this Decision:

The term for the person who has filed the bankruptcy case, such being a defined term in the Bankruptcy Code, 11 U.S.C. § 101 (13), is the "Debtor" or "Debtor Spouse."

The term for the spouse who did not file bankruptcy with the Debtor is the "Non-Debtor Spouse."

The term used for an individual personally obligated on a debt or judgment is the "Obligor" or "Judgment Obligor."

The term for an Individual not personally obligated on a debt or judgment is the "Non-Obligor"

///

///

///

---

[1] The State Court Judgment is in the principal amount of $2,500.00, interest in the amount of $4,125.00, and costs of $30.00, for the total amount of $6,655.00 as of the March 4, 2015 granting of the State Court Judgment. It states that Gregory Kelly, the Plaintiff in this Adversary Proceeding, shall recover the State Court Judgment from Jeffrey Andersen, the Defendant-Debtor in this Adversary Proceeding.

## SUMMARY OF MOTION TO DISMISS
### AND
### OPPOSITION

Defendant-Bridgette (the non-debtor spouse) has filed the Motion now before the court to have the First Amended Complaint dismissed as to her. Supp. Mtn.,[2] Dckt. 88. The Motion begins with stating a number of "factual conclusions" (regarding what has been stated in the First Amended Complaint) as to Defendant-Bridgette's noninvolvement with the Defendant-Debtor's conduct that led to Plaintiff obtaining the State Court Judgment against Defendant-Debtor.

The Motion continues, citing authority for the proposition that a non-debtor spouse is not made a party to an adversary proceeding filed to determine the nondischargeability of an obligation of the debtor spouse solely because the creditor will seek to enforce the nondischargeable debt against future community property in which the debtor spouse has an interest.

Defendant-Bridgette further admits in the Motion that if the court determines Defendant-Debtor's obligation to Plaintiff to be nondischargeable pursuant to 11 U.S.C. § 523, or that Defendant-Debtor's discharge should be denied pursuant to 11 U.S.C. § 727, the enforcement of the State Court Judgment against future acquired community property will not be impeded.[3]

The Motion continues, asserting that since the judgment is for a debt owed only by the Defendant-Debtor, the requested relief as it applies to 11 U.S.C. § 523(a)(2) and (4) and § 727(a)(2), (3), and (4), cannot be sought against the non-debtor Defendant-Bridgette. As discussed below, this does not quite square with the provisions of 11 U.S.C. § 524(b)(2).

Defendant-Bridgette provides her Declaration recounting her allegations of excessive conduct by Plaintiff in enforcing the State Court Judgment. This goes well beyond a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and Federal Rule of Bankruptcy

---

[2] The court required Defendant-Bridgette file a Supplemental pleading in which the grounds upon which the relief is requested is stated with particularity as required by Federal Rule of Civil Procedure 7(c) and Federal Rule of Bankruptcy Procedure 7007, and not merely a conclusion of the relief requested and directing the court to review other pleadings to determine, and stated for Defendant-Debtor, the grounds actually asserted. This Motion was set for hearing pursuant to Local Bankruptcy Rule 9014-1(f)(1).

[3] Defendant-Bridgette's Opposition includes a citation to 8 Collier on Bankruptcy P 524.02[3] [b] (16th ed. rev. 2020) for a discussion of this principle. Sup. Mtn, p. 6:21.5-7:6.5; Dckt. 88.

1    Procedure 7012.

2    **Summary of Opposition to Motion**

3         Plaintiff begins his Opposition with the legal assertion that "by virtue of California Family

4    Code § 910(a), [Defendant-Debtor's] debt to [Plaintiff] also became the debt of [Defendant-

5    Bridgette], with respect to post judgment discovery and collection."[4] Opposition, p. 2:1–3; Dckt. 35.

6    Plaintiff continues, stating that the claim against Defendant-Debtor, the State Court Judgment, is a

7    community claim as defined by 11 U.S.C. § 101(7).[5] *Id*., p. 3:13–17. Plaintiff then asserts that since

8    all community property is included in the bankruptcy estate filed by Defendant-Debtor as provided

9    by 11 U.S.C. § 541(a)(2), "the claims in this case [are] 'community claims' for which this Court

10   has jurisdiction." *Id*., p. 4:5–7.

11        Plaintiff asserts that his claim for determination that a community claim owed by Defendant-

12   Bridgette would be subject to the hypothetical discharge arising under 11 U.S.C. § 524(a)(3), and

13   that adjudication of whether Defendant-Bridgette can assert the hypothetical discharge is properly

14   adjudicated in this Adversary Proceeding as provided in 11 U.S.C. § 524(b)(2). *Id*., p. 4:9–26.

15        Plaintiff goes further, stating that any assertion that the claims against Defendant-Debtor

16   should be dismissed due to either (1) lack of subject matter jurisdiction or (2) failure to state a claim,

17   must be denied because they are untimely asserted, Defendant-Bridgette having filed her *pro se* form

18

19   _____

20        [4] As discussed below, California Family Code § 910(a) provides that the "community estate" is
     liable for the debt of either spouse, and does not make one spouse personally liable for the debts of the
21   other spouse merely due to the marriage. " 'Community Estate' is defined by California Law as:
     "Community estate" includes both community property and quasi-community property." Cal. Fam. § 63.
22

23        [5] 11 U.S.C. § 101(7) defines the term "community claim" to be:

24        (7) The term "community claim" means claim that arose before the commencement of the
           case concerning the debtor for which property of the kind specified in section 541(a)(2)
25         of this title [community property] is liable, whether or not there is any such property at
           the time of the commencement of the case.
26

27        This is consistent with California Law focusing on the "liability" of community property and not
     whether it is an obligation that only the bankruptcy debtor has personal liability.
28

                                              4

1    Answer. *Id.*, p. 5:21–24. [6]

2    **Plaintiff's Supplemental Opposition**

3         Plaintiff was afforded the opportunity to file a Supplemental Opposition in light of the court

4    requiring Defendant-Bridgette to file a Supplement to the Motion that complied with Federal Rule

5    of Civil Procedure 7(b). The Supplemental Opposition asserts a number of disputed "Facts" and

6    asserts that the cases cited by Defendant-Debtor should not be considered by the court.

7                                        **DISCUSSION**

8         The court has been presented with a "simple" motion to dismiss, based on two fundamental

9    grounds. The first is that there is no federal court subject matter jurisdiction for this court to

10   adjudicate disputes between Plaintiff and Defendant-Bridgette. The second is that if such subject

11   matter jurisdiction exists, the First Amended Complaint fails to state claims against Defendant-

12   Bridgette for which relief may be granted Plaintiff. The court begins with the issue of subject matter

13   jurisdiction and the provision of the Bankruptcy Code at issue in the claim asserted in the First

14   Amended Complaint against Defendant-Bridgette.

15   ///

16   ///

17

18        [6] With respect to lack of subject matter jurisdiction, such defense cannot be waived nor time
19   barred, and can be raised at any time. Fed. R. Civ. P. 12(h)(3), Fed. R. Bankr. P. 7012. It is also
     necessary for a federal court to determine whether federal court jurisdiction arising under Article III of the
20   Constitution exists, which jurisdiction cannot be "granted" by the parties, whether by consent or failure to
     raise. *See* 2 Moore's Federal Practice - Civil § 12.30 for discussion of the necessity of there to be actual
21   federal court jurisdiction for the federal court to issue a ruling on the merits..

22        As to the Federal Rule of Civil Procedure 12(b)(6) failure to state a claim grounds, the Supreme
     Court provides in Federal Rule of Civil Procedure 12(h)(2) that a failure to state a claim may be raised:
23
24             (A) in any pleading allowed or ordered Rule 7(a)

25             (B) by a motion under Rule 12(c) [motion for judgment on the pleadings]

26             (C) at trial.

27   Therefore, the Rule 12(b)(6) defense cannot be waived "merely" because it is not stated in the answer.
     Defendant-Bridgette so asserts that the subject matter jurisdiction may not be waived in her Response.
28   Dckt. 43.

**Federal Jurisdiction Exists For Determination
of the Hypothetical Discharge for Defendant-Bridgette
Arising Pursuant to 11 U.S.C. § 524(a)(3) as a
Core Matter Proceeding**

The First Amended Complaint denominates four causes of action.  The First and Second Causes of Action assert claims against Defendant-Debtor to have his obligation arising under the State Court Judgment be determined nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) [fraud] and 11 U.S.C. § 523(a)(4) [breach of fiduciary duty, embezzlement], respectively.[7]  These two Causes of Action request relief against only Defendant-Debtor.

The Fourth, Fifth, Sixth, and Seventh Causes of Action seek to have Defendant-Debtor denied his discharge in this case pursuant to 11 U.S.C. § 727(a)(2)(A) [concealment of assets], 11 U.S.C. § 727(a)(3) [failure to keep records], 11 U.S.C. § 727(a)(4)(A) [false oath], and 11 U.S.C. § 727(a)(4) [presenting a false claim], respectively.  These four Causes of Action request relief against only Defendant-Debtor.

The Eighth Cause of Action seeks "declaratory relief" in the form of this court determining the amount of the obligation owing on the State Court Judgment by the Defendant-Debtor.  This Cause of Action is stated as brought against both Defendant-Debtor and Defendant-Bridgette.  The court has dismissed this Cause of Action pursuant to another motion to dismiss.  Order, Dckt. 95.

**Third Cause of Action Requesting
Relief Pursuant to 11 U.S.C. § 524(b)(2)
Against Defendant-Bridgette**

In the Third Cause of Action, Plaintiff requests that this court determined that Defendant-Bridgette should not be given the hypothetical discharge arising pursuant to 11 U.S.C. § 524(a)(3). Paragraphs 1–77 are incorporated by reference into the Third Cause of Action.  Specifically, in the Third Cause of Action it is asserted that Defendant-Bridgette should be denied the hypothetical discharge, as the non-filing spouse of Defendant-Debtor, because:

---

[7] The court has addressed this Cause of Action in connection with another Motion, and the general reference in this Memorandum Opinion and Decision to put it in context against whom the relief is requested, and does not alter any prior ruling or state what portion of 11 U.S.C. § 523(a)(4) is the basis for the relief requested.

80.  Plaintiff's previous Claims of non-dischargeability for Jeff under Section 523 (a)(2) and (a)(4), . . .

81.  [s]ince she benefitted from Beck's funds in 2012 for personal expenses, and is alleged to be complicit in all Section 727 violations, . . .

82.  Bridgette is currently an acknowledged co-debtor in the debt owed to Kelly, and has her income assigned to Kelly through 2025 under California Garnishment laws until the debt is paid in full.

**Existence of Federal Court Jurisdiction
to Determine Hypothetical Discharge for
Non-Debtor Spouse Defendant-Bridgette**

Subject matter jurisdiction defines a court's power to hear cases. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998).  Before a federal court exercises its jurisdiction over parties, it must determine that there is a sufficient "case" or "controversy" as required by the United States Constitution, Article III, Section 2, Clause 1. *Southern Pacific Company v. McAdoo*, *Southern Pacific Company v. McAdoo*, 82 F.2d 121, 121–22 (9th Cir. 1936).

Bankruptcy courts are courts created by Congress under Article I of the United States Constitution to administer the federal Bankruptcy Code, found in Title 11 of the United States Code. A bankruptcy court is designated as "a unit of the district court," and, each district court is given the ability to refer all bankruptcy matters to a bankruptcy court. 28 U.S.C. § 151(a) (positioning bankruptcy court within district court); 28 U.S.C. § 157(a) (providing for referral to bankruptcy court).  Bankruptcy judges are judicial officers of the district court.  28 U.S.C. § 157(a).

The grant of federal jurisdiction by Congress established in 28 U.S.C. § 1334 is very broad and expansive, including not only matters arising under the Bankruptcy Code and arising in the bankruptcy case, but all other matters "related to" the bankruptcy case, whether federal jurisdiction would otherwise exist for that state law  matter to be adjudicated in federal court.

Congress provides that the district court may then assign the bankruptcy cases and all proceedings relating thereto—core and non-core—to the bankruptcy judges in that District. 28 U.S.C. § 157(a).  The Supreme Court has addressed Congress's creation of federal subject matter jurisdiction for matters arising under the Bankruptcy Code, in bankruptcy cases, and related to bankruptcy cases over the decades, beginning with *Northern Pipeline* in 1984 through the three recent decisions in *Stern v. Marshall*, 564 U.S. 462, 473–75 (2011), *Executive Benefits Insurance*

1   *Agency v. Arkison*, 134 S. Ct. 2165, 2171–72, 189 L. Ed. 2d 83, 92–93, (2014), and *Wellness*

2   *International Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).  These three recent Supreme Court

3   decisions nail down the proper exercise of the federal judicial power between bankruptcy judges and

4   district court judges within the federal jurisdiction provided for in 28 U.S.C. § 1334.

5          In *Stern v. Marshall*, the Supreme Court confirmed that the bankruptcy judge may properly

6   issue final orders and judgments on all core matter proceedings.  This was followed by the decision

7   in  *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. at 2171–72, in which the Supreme

8   Court states, "Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter

9   final judgment on the claim, subject to appellate review by the district court."

10         Here, what Plaintiff has presented to the court in the Third Cause of Action against

11  Defendant-Bridgette is a core matter proceeding arising under the Bankruptcy Code – whether

12  Defendant-Bridgette may assert the hypothetical discharge arising under 11 U.S.C. § 524 as to any

13  pre-petition obligations she may have (not merely those for which she is a co-obligor with the

14  Defendant-Debtor) with respect to them being asserted against future acquired community property

15  of Defendant-Debtor and Defendant-Bridgette.

16         Federal jurisdiction exists to make such determination, and such a determination is in a core

17  matter proceeding for the bankruptcy judge to issue all final orders and judgment thereon.

18  **Hypothetical Discharge Arising**
    **Pursuant to 11 U.S.C. § 524(a)(3)**
19  **and Exceptions Thereto**

20         Plaintiff and Defendant-Debtor present the court with an issue not often litigated (at least in

21  this Department).  Congress provides in 11 U.S.C. § 524(a) the legal effect of a bankruptcy debtor,

22  here the Defendant-Debtor, obtaining a discharge.  The discharge voids any judgment that

23  determines personal liability of the debtor obtaining a discharge and also operate as an injunction

24  against any attempt to collect or enforce any discharged obligation as a personal liability of the

25  debtor obtaining a discharge.  11 U.S.C. § 524(a)(1), (2).  In addition, Congress grants further

26  protection for a debtor in community property states with respect to future, post-bankruptcy acquired

27  community property:

28          (a) A discharge in a case under this title—

8

. . .

(3) **operates as an injunction against** the commencement or continuation of an action, the employment of process, or an act, to **collect or recover from**, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title ["All interests of the debtor and the debtor's spouse in **community property** as of the commencement of the case"] that is **acquired after the commencement** of the case, **on account of any allowable community claim**, except a community claim that is excepted from discharge under section 523, . . ., or that **would be so excepted**, determined in accordance with the provisions of sections 523(c) . . ., **in a case concerning the debtor's spouse** commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 514(a)(3) (emphasis added).

To parse through this language, a key bankruptcy term required is "community claim," which is defined in the Bankruptcy Code to be:

(7) The term "community claim" means claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title ["All interests of the debtor and the debtor's spouse in community property as of the commencement of the case"] is liable, whether or not there is any such property at the time of the commencement of the case.

11 U.S.C. § 101(7).

A "community claim" is any obligation that existed as of the filing of the bankruptcy case by the debtor-spouse for which the community property is liable – whether the debtor-spouse filing bankruptcy is personally liable or if it is an obligation for which only the non-debtor spouse is personally liable, but for which the community property is liable for such obligation. Even when the debtor-spouse filing bankruptcy is not personally liable on the community claim, the creditor of the non-debtor spouse is a "creditor" who may assert a claim in the debtor-spouse's bankruptcy case. *See* 11 U.S.C. § 101(10)(C); *MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 503, n.7, (B.A.P. 9th Cir. 2002).

In real person, enforcement of debt language, this means that the creditor who is owed a debt that arises before the filing of the bankruptcy case for which the non-debtor spouse is the obligor, is:

(1) given a "community claim" in the bankruptcy case (even though there is no personal liability of the bankruptcy debtor spouse) since all of the community property in which both spouses have an interest is included in the bankruptcy estate as provided in 11 U.S.C. § 541(a)(2); and

(2) the *quid pro quo* under the Bankruptcy Code for creating a community claim in the bankruptcy debtor spouse's case is that upon the debtor spouse obtaining a discharge, all future community property in which the bankruptcy debtor spouse has an interest is protected by the discharge injunction from enforcement of any pre-petition obligations of the non-debtor, obligor spouse.

So, even if there was a separate obligation for which only the non-debtor spouse was the obligor, the creditor of the non-debtor spouse could not enforce that obligation against any future acquired community property in which the debtor spouse, who obtained a discharge, has a community property interest. However, as discussed below, Congress created in 11 U.S.C. § 542(a)(3) the ability of the creditor to obtain a judgment from the bankruptcy court against the non-debtor spouse allowing the non-debtor spouse's pre-petition obligation to be enforced against future acquired community property in which the debtor spouse has an interest.

## STANDARD FOR A MOTION TO DISMISS

In considering a motion to dismiss, the court starts with the basic premise that the law favors disputes being decided on their merits. Federal Rule of Civil Procedure 8 and Federal Rule of Bankruptcy Procedure 7008 require that a complaint have a short, plain statement of the claim showing entitlement to relief and a demand for the relief requested. FED. R. CIV. P. 8(a). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* (citing 5 C. WRIGHT & A. MILLER, FED. PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief. *Calhoun v. United States*, 475 F. Supp. 1 (S.D. Cal. 1977), *aff'd*, 604 F.2d 647 (9th Cir. 1979). Any doubt with respect to whether to grant a motion to dismiss should be resolved in favor of the pleader. *Pond v. Gen. Elec. Co.*, 256 F.2d 824, 826–27 (9th Cir. 1958).

## DISMISSAL OF THE THIRD CAUSE OF ACTION IS PROPER

The court begins with a review of the hypothetical discharge as provided in 11 U.S.C. § 522(a)(3). During oral argument, the court's discussion of this legal issue may not have been fully "on point," so a clear discussion in this Decision is appropriate.

In their supplemental pleadings, the parties direct the court back to the fact that only Defendant-Debtor is the obligor on the State Court Judgment that is the subject of the present Adversary Proceeding. A copy of the State Court Judgment is filed as Exhibit E 003 with the Original Complaint and incorporated into the First Amended Complaint. Dckt. 1 at 37-38; Amended Judgment, ¶ 32, FN. 24; Dckt. 11. Thus, the State Court Judgment is part of the pleadings presented by Plaintiff that may be considered as part of the Motion to Dismiss.

Plaintiff has enforced, and desires to continue enforcement of, his State Court Judgment against the Defendant-Debtor and all assets, including future acquired community property, in which Defendant-Debtor has or acquires an interest. This Adversary Proceeding seeking to have the State Court Judgment obligation determined nondischargeable will achieve that goal, if Plaintiff prevails. *See* 11 U.S.C. § 524(a)(3) (stating that the discharge operates as an injunction against the enforcement of an obligation that is an allowable community claim [one for which community property is liable] against future acquired community property "except a community claim that is excepted from discharge under section 523, . . . ."). That result is achieved if Plaintiff prevails and obtains a judgment in this Adversary Proceeding determining that the State Court Judgment obligation is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) or (a)(4). Additionally, if Plaintiff prevails on his claims to have Defendant-Debtor denied his discharge as provided in 11 U.S.C. § 727(a)(2), (3), or (4), this would result in Defendant-Debtor not being granted a discharge, and therefore there would be no discharge to operate as an injunction arising under 11 U.S.C. § 524(a)(3).

**Application of Hypothetical Discharge**
**to Obligations for Which Defendant-Bridgette**
**Has Personal Liability**

In portions of his arguments, Plaintiff asserted that since he has a judgment against Defendant-Debtor, Defendant-Bridgette is liable because she is Defendant-Debtor's spouse. As a law school professor said decades ago, "the days of when the husband and wife were one, and the one is the husband, are no more." Merely because spouses are married, one does not incur personal liability for debts incurred by the other spouse solely because they are married. *See*, Cal. Fam. Code

§ 913.[8]

Under California law, it is the community property[9] that is "liable" for the debt (whether separate, joint, pre-marriage, or during the marriage) of either spouse. That the community property is liable for the debt of either spouse is set forth in California Family Code § 910, which states (emphasis added):

> § 910. Community estate liable for debt of either spouse
>
> (a) Except as otherwise expressly provided by statute, **the community estate is liable for a debt incurred by either spouse before or during marriage**, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt.
>
> (b) "During marriage" for purposes of this section does not include the period after the date of separation, as defined in Section 70, and before a judgment of dissolution of marriage or legal separation of the parties.

*See, United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009). Even though the non-judgment debtor spouse is not personally liable, all of the community property is "liable" and can be reached to satisfy the debts of either spouse.

California Code of Civil Procedure § 695.020 addresses the enforcement of a judgment against community property. It ties in the above Family Code section. It further states that all of the provisions that would apply to a judgment debtor with respect to an enforcement of a judgment against community property will also apply to the non-judgment debtor spouse of the judgment debtor. Cal. Civ. Proc. Code § 695.020.

In the First Amended Complaint, Plaintiff states that the Non-Debtor Spouse "is currently an acknowledged co-debtor in the debt owed to Kelly, and has her income assigned to Kelly through

---

[8] There are statutory exceptions to this general rule, such as for "necessaries of life." Cal. Fam. Code § 914.

[9] California Family Code § 760 defines community property as:

> § 760. Community property
>
> Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property.

2025 under California Garnishment laws until the debt is paid in full." It appears that this "co-debtor" status is premised on there being an assignment of income.

The "Assignment of Community Spouses Wages" is not a judgment or order imposing a monetary obligation, but determines that Non-Debtor Defendant-Bridgette's wages are community property and that such community property is "assigned" to be applied to the Defendant-Debtor's obligation under the State Court Judgment – a judgment for which Non-Debtor Defendant-Bridgette has no personal liability.

The analysis begins with there being a judgment only against Defendant-Debtor. The State Court Judgment awards the monetary relief only against the Defendant-Debtor. First Amended Complaint, ¶ 82; Dckt. 11. Plaintiff continues in ¶82 of the First Amended Complaint, stating that Defendant-Bridgette "[h]as her income assigned to Kelly through 2025 under California Garnishment laws until the debt is paid in full." A copy of a 2017 assignment order of Defendant-Bridgette's wages as part of Plaintiff's enforcement of the State Court Judgment for which Defendant-Debtor is the sole obligor is filed as Exhibit G to the First Amended Complaint. Dckt. 12 at 7–8. This Assignment Order states:

> (1) [Defendant-Debtor's] spouse's wages [Defendant-Bridgette's wages] constitute community property.
>
> (2) The Court hereby allows an assignment on [Defendant-Bridgette's] wages to pay Plaintiff, judgment creditor [of Defendant-Debtor] in this case [in which the State Court Judgment has been entered].
>
> (3) This Order will remain in effect until March 04, 2025 (the statutory limit for judgments) or until such time that the debt [State Court Judgment] is paid in full.

*Id.* California Law provides for an assignment order in the enforcement of a judgment in California Code of Civil Procedure § 708.510. Earning withholding orders, which are used to garnish a person's wages, such as community property wages, is provided for in California Code of Civil Procedure §§ 706.010 et seq.

While the Assignment Order provides that the "Court hereby allows an assignment on" Defendant-Bridgette's "wages," it is not a judgment or monetary award. The court cannot identify an obligation alleged to be owed by Defendant-Bridgette to Plaintiff in the Third Cause of Action, including the paragraphs of the First Amended Complaint incorporated therein.

In the Supplemental Points and Authorities (Dckt. 116), Plaintiff asserts that the Assignment Order for the community property wages was because Defendant-Bridgette benefitted from the monies obtained by the alleged improper conduct of Defendant-Debtor. Plaintiff further asserts that Defendant-Bridgette never asserted she was an "innocent spouse." The wage assignment was not issued because of that, but because under California law such wages were found to be community property in the State Court Action and all community property is "liable" for the debts of either spouse.

In the Third Cause of Action, Plaintiff states that grounds for determining that the hypothetical discharge be not allowed is based on the conduct of Defendant-Debtor, "since she benefits from [Plaintiff assignor's] funds for living expenses." *Id*., ¶ 81. There are no allegations of any conduct of Defendant-Bridgette that would be the basis for determining that her obligation would be nondischargeable as provided in 11 U.S.C. § 523(a).

In the heading to the Third Cause of Action, Plaintiff states that he requests the court determine the "'Hypothetical' Non-Dischargeability of Non-Filing Spouse under 11 U.S.C. § 523(c)(1)." *Id*., p. 10:24-25. Determination of nondischargeability under 11 U.S.C. § 523(c)(1) is for § 523(a)(2) fraud, § 523(a)(4) breach of fiduciary duty/embezzlement/larceny, and § 523(a)(6) willful and malicious injury.

The First Amended Complaint states the alleged fraud and the alleged embezzlement by Defendant-Debtor. However, for Defendant-Bridgette, the basis for a nondischargeable obligation against her is stated in or incorporated in the Third Cause of Action as (identified by paragraph number in the First Amended Complaint):

¶ 9.    Defendant-Bridgette is the spouse of Defendant-Debtor.

¶ 53.    Since 2012 Defendant-Debtor and Defendant-Bridgette have worked to create the appearance of indigence, while secretly living off of undeclared funds acquired during Defendant-Debtor's financial schemes, undeclared income from Jeff's mother, and Defendant-Bridgette's cash business.

¶ 54.    Since 2012 Defendant-Debtor and Defendant-Bridgette have established a network of bank accounts to prevent collection activities by the "creditors."

¶55.    Since 2017 Defendant-Debtor and Defendant-Bridgette have filed (unidentified) false financial statements with creditors and the court.

¶ 56.   Since 2015 Defendant-Debtor and Defendant-Bridgette have claimed they do not have the ability to produce current financials.

¶ 57.   Since 2017 Defendant-Debtor and Defendant-Bridgette have shown a negative monthly cash flow, but have never been evicted from their $2,100 a month rental home.

¶58.   Defendant-Debtor and Defendant-Bridgette have been living off of undeclared cash or income, which was never reported in Defendant-Debtor's bankruptcy case.

¶ 60.   Both Defendant-Debtor and Defendant-Bridgette submitted (unidentified) false information, which has not been corrected, in Defendant-Debtor's bankruptcy case.

*Id.*

## DECISION

The court determines that the Motion to Dismiss the Third Cause of Action without prejudice is proper. Here, there is no "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8 and Federal Rule of Bankruptcy Procedure 7008. These basic pleading requirements have been addressed by the Supreme Court in several recent 21st Century decisions. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007), the Supreme Court directs (emphasis added):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (CA7 1994), **a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("**[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action**"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

While putting on labels and conclusions, Plaintiff does not plead the grounds for determination that Defendant-Bridgette not only owes an obligation to Plaintiff, but that Defendant-Bridgette engaged in conduct for which relief pursuant to 11 U.S.C. § 523(a)(2), (4), or (6) is

properly awarded.

The Supreme Court reenforced this pleading requirement in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), stating (emphasis added):

> As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," **but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation**. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

> To survive a motion to dismiss, **a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face**." *Id.*, at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the **plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it **asks for more than a sheer possibility that a defendant has acted unlawfully**. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

For the three possible nondischargeability grounds for which Plaintiff seeks a judgment against Defendant-Bridgette, the well-established elements for each are:

<u>11 U.S.C. § 523(a)(2) – Fraud</u>

For the actual fraud required for relief pursuant to 11 U.S.C. § 523(a)(2)(A), the creditor is required to establish the following five elements:

(1) [Defendant-Bridgette] made . . . representations;

(2) that at the time [Defendant-Bridgette] knew were false;

(3) that [Defendant-Bridgette] made them with the intention and purpose of deceiving [Plaintiff];

(4) that [Plaintiff] justifiably relied on such representations; [and]

(5) that [Plaintiff] sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

1  *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010).[10] A creditor must show these elements by a

2  preponderance of evidence.  *In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). 11 U.S.C.

3  § 523(a)(2)(A) prevents the discharge of all liability arising from fraud. *Cohen v. de la Cruz,* 523

4  U.S. 213, 215 (1998).

5      In *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581 (2016), the Supreme Court held that the

6  term "actual fraud," as used in 11 U.S.C. § 523(a)(2), includes fraudulent conveyance schemes that

7  would not include a "representation," but are fraudulent under applicable non-bankruptcy law.

8      As to the fraud grounds, Plaintiff does not plead factual matters for the required elements

9  against Defendant-Bridgette.

10  11 U.S.C. § 523(a)(4) – Breach of Fiduciary Duty, Embezzlement, Larceny

11      For the breach of fiduciary duty claim, it is a question of federal law, though consideration

12  of state law is made with respect to whether a fiduciary relationship exists.

13      Because the broad general definition of fiduciary -- a relationship involving
       confidence, trust, and good faith -- is inapplicable in the dischargeability context,

14      ordinary commercial relationships are excluded from the reach of section 523(a)(4).
       *In re Schultz*, 46 Bankr. 880, 884 (Bankr. D. Nev. 1985). **The trust must have been**

15      **created before the act of wrongdoing. The debtor must have been a trustee**
       **before the wrong and not a trustee** *ex maleficio*. *Davis v. Aetna Acceptance Co.*,

16      293 U.S. 328, 333, 79 L. Ed. 393, 55 S. Ct. 151 (1934); *Ragsdale v. Haller*, 780 F.2d
       794, 796 (9th Cir. 1986). Thus, constructive or implied trusts are excluded, but

17      statutory trusts are not. *In re Pedrazzini*, 644 F.2d 756, 758 n.2 (9th Cir. 1981).
       Although the concept of fiduciary capacity is a narrowly defined question of federal

18      law, state law can be consulted to determine when a trust exists. *Id.* at 758; *Haller*,
       780 F.2d at 795-96 (the meaning of "fiduciary" in section 523(a)(4) is an issue of

19      federal law reviewed *de novo*).

20  *In re Short*, 818 F.2d 693, 695 (9th Cir. 1987) [emphasis added].

21      For nondischargeability based on embezzlement, the elements for which Plaintiff must plead

22  factual matters are stated to be:

23      Under federal law, embezzlement in the context of nondischargeability has often
       been defined as "the fraudulent appropriation of property by a person to whom such

24      property has been entrusted or into whose hands it has lawfully come." *Moore v.*
       *United States*, 160 U.S. 268, 269, 40 L. Ed. 422, 16 S. Ct. 294 (1885).

25      Embezzlement, thus, requires three elements: "(1) **property rightfully in the**
       **possession of a nonowner**; (2) **nonowner's appropriation of the property** to a use

26

27

28      ———————————
        [10]  The court has taken the liberty of substituting in [Plaintiff] and [Defendant-Bridgette] in place
        of the words "person" and "debtor" for sake of clarity in the hypothetical discharge situation.

other than which [it] was entrusted; and (3) **circumstances indicating fraud**." In re Hoffman, 70 Bankr. 155, 162 (Bankr. W.D. Ark. 1986); *In re Schultz*, 46 Bankr. 880, 889 (Bankr. D. Nev. 1985).

*In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991) [emphasis added].

Again, Plaintiff does not plead factual matters for the required elements against Defendant-Bridgette.

<u>11 U.S.C. § 523(a)(6) – Wilful and Malicious Injury to the Person or Property of Another</u>

The third possible 11 U.S.C. § 523(c)(1) ground is for willful and malicious injury to the person or property of another. 11 U.S.C. § 523(a)(6). It is well established that in order for a claim to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) both willful and malicious injury must be established. *Ormsby v. First Am. Title Co. (In re Ormsby),* 591 F.3d 1199, 1206 (9th Cir. 2010).

The willful injury standard in this Circuit is met "only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002). Whereas the malicious injury standard is satisfied by demonstrating that the injury "involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1209 (9th Cir. 2001) (internal citations omitted). If the willful and malicious injury is asserted to have been a conversion of the creditor's assets, the Ninth Circuit Court of Appeals in *Lockerby v. Sierra*, 535 F.3d 1038, 1041–42 (9th Cir. 2008), stated that the bankruptcy court looks to applicable state law in defining what is a "conversion." The elements for a conversion under California law are stated as:

> (2) Elements. The basic elements of the tort of conversion are (a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages. (*Fremont Indem. Co. v. Fremont General Corp.* (2007) 148 C.A.4th 97, 119, 55 C.R.3d 621, *infra*, § 814.) The property need not be appropriated to the use of the defendant; it may be destroyed, or merely damaged. (*Staley v. McClurken* (1939) 35 C.A.2d 622, 628, 96 P.2d 805; *see Hernandez v. Lopez* (2009) 180 C.A.4th 932, 939, 103 C.R.3d 376 [cause of action labeled "intentional tort" stated claim for conversion; business owners alleged that prospective buyers sold business that did not belong to them to third party]; Rest.2d, Torts §§ 223, 226; on destruction or alteration, see infra, § 823.)

5 WITKIN SUMMARY OF CALIFORNIA LAW, TORTS § 801(a)(2).

Again, Plaintiff does not plead factual matters for the required elements against Defendant-

Bridgette.

This court's reading of the First Amended Complaint and claim asserted against Defendant-Bridgette is a claim of nondischargeable liability by association or marriage. It is asserted that Defendant-Debtor was engaging in specified improper conduct, and then used his ill-gotten gains to maintain the living conditions for Defendant-Debtor and Defendant-Bridgette. But the First Amended Complaint does not plead factual matters as to the conduct and actions of Defendant-Bridgette for the required elements of the three asserted nondischargeability grounds. As to Defendant-Bridgette not making her assets readily available for Plaintiff or allegedly made inaccurate statements, such contentions so not state the requirement elements of the three different nondischargeability grounds.

The Motion is granted and the Third Cause of Action against Non-Debtor Defendant-Bridgette is dismissed without prejudice. If Plaintiff desires to amend his Complaint to state further claims for relief against Defendant-Bridgette, such may be done only with leave of the court. Fed. R. Civ. P. 15(a)(1), (a)(2), and Fed. R. Bank. P. 7015. A motion for leave to file an amended complaint must be filed and served on or before **November 21, 2020**. Filed as an exhibit with the motion for leave to amend shall be a copy of the proposed amended complaint.[11]

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law for this Motion to Dismiss. The court shall issue a separate order dismissing the Third Cause of Action as to Defendant-Bridgette.

**Dated:**  October 28, 2020                    **By the Court**

**Ronald H. Sargis, Judge**
**United States Bankruptcy Court**

---

[11]  The court has found that having a copy of the proposed amended complaint as an exhibit helps the judicial process. For the plaintiff, rather than merely stating some conceptual claims that would be stated in an amended complaint, the plaintiff gets them properly stated in the proposed amended complaint. For the defendant, the hearing on the motion for leave to amend presents an opportunity to address any fundamental issues, rather than there merely being a future motion to dismiss when the future drafted amended complaint is actually filed. To the extent that there is a "fixable problem," it may be clarified at the hearing on the motion for leave to file an amended complaint and the court can set the deadline for the answer to the amended complaint.

1
2

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

3
4

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

5

6

7

8

9

10

11

12

| **Debtor / Defendant-Debtor** <br><br> **Defendant-Bridgette A. Andersen** | **Attorney(s) for the Debtor / Defendant-Debtor** <br><br> **Attorney(s) for Defendant-Bridgette A. Andersen** |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee <br> Robert T. Matsui United States Courthouse <br> 501 I Street, Room 7-500 <br> Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | Gregory Kelly <br> 626 S. Colonial Court <br> Gilbert, AZ 85296 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28